

FILED

April 5, 2018

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

2:39 P.M.

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| **RICKY AUSTIN,** | ) | |
| **Employee,** | ) | **Docket No. 2016-07-0037** |
| **v.** | ) | |
| **RR RD TRUCKING, INC.** | ) | |
| **Employer,** | ) | |
| **And** | ) | **State File No. 69491-2014** |
| **PROTECTIVE INS. CO.** | ) | |
| **Insurance Carrier,** | ) | |
| **and** | ) | |
| **SUBSEQUENT INJURY AND** | ) | **Judge Allen Phillips** |
| **VOCATIONAL RECOVERY FUND.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

---

Mr. Austin requested medical benefits for an injury to his left shoulder. RR RD Trucking (RR) asserted his injury did not arise out of the employment and denied his claim. The Court heard the disputed issues on April 2, 2018 and holds Mr. Austin is not entitled to the requested benefits.

### History of Claim

Mr. Austin worked for RR as a truck driver. He injured his right shoulder on August 9, 2014, while hooking a trailer to a truck. RR accepted his claim and provided treatment with Dr. Timothy Sweo. Dr. Sweo diagnosed a right rotator cuff tear and right biceps rupture that he surgically repaired. He continued to follow Mr. Austin for his right shoulder through 2016. Dr. Sweo did not record any history of left shoulder issues between September 2014 and May 2016. On May 2 2016, he placed Mr. Austin at maximum medical improvement for his right shoulder injury.

Mr. Austin claimed his left shoulder also hurt at the time of injury and that he told Dr. Sweo. However, Mr. Austin's primary claim was that he injured his left shoulder due to overusing his left arm, since he could not use his right arm during treatment. These

1

complaints were first documented when Mr. Austin returned to Dr. Sweo on August 16, 2016, complaining of "shoulder pain on the left greater than the right." Dr. Sweo did not include a description of injury other than Mr. Austin saying the injury "occurred at work" The next note is dated March 29, 2017, when Dr. Sweo diagnosed a "complete rotator cuff tear or rupture of [the] left shoulder, not specified as trauma." Dr. Sweo recommended surgery. He maintained his diagnosis and his recommendation through June 2017, although Mr. Austin was not a surgical candidate during that period because of other non-work-related health issues.

Dr. Sweo testified by deposition that patients who have shoulder surgery might develop problems with overuse of the opposing arm, but that Mr. Austin's pain complaints "this far out [was] unusual." He said the right shoulder injury "contributed" to the left shoulder pathology and caused it to develop more rapidly. As to whether the right shoulder more likely than not caused the need for left shoulder treatment, Dr. Sweo said, "I can't really say that. I think eventually he would have needed something done to the left shoulder. I think the fact that it flared up shortly after his right side was related to having to overuse it." He further said any opinion he might give as to how much of Mr. Austin's need for medical treatment is attributable to RR would be "a total guess."

RR introduced records from one of Mr. Austin's primary care providers, Madison Family Practice, dating back to August 2014. Those providers documented the August 9, 2014 injury to his right shoulder, but the first mention of the left shoulder came on June 16, 2016, when Mr. Austin said his left shoulder started hurting two weeks earlier. He said was "painting and cleaning out cars." He explained at the hearing that these activities were merely painting a bed for his granddaughter and cleaning out his wife's car, and he suffered no actual injury. The records contain two more references to left shoulder pain (in October 2016 and March 2017) but state no cause for Mr. Austin's complaints.

Mr. Austin claimed he injured his left shoulder through overuse because of the right shoulder surgery. He denied any other injury or that his left shoulder condition was related to other health issues. He requested that the Court order RR pay for the left shoulder surgery recommended by Dr. Sweo. He continues to work as a truck driver for RR and admitted no temporary benefits are yet due.

RR pointed to the June 16, 2016 record of Madison Family Practice as showing Mr. Austin suffered shoulder issues unrelated to his work. It joined the Subsequent Injury Fund in arguing that Dr. Sweo's testimony did not establish the requisite causal connection between Mr. Austin's employment and his left shoulder condition.

**Findings of Fact and Conclusions of Law**

Mr. Austin must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-

6-239(d)(1) (2017). The Court holds he did not do so.

To prevail, Mr. Austin must show his alleged left shoulder injury arose primarily out of and in the course and scope of his employment and was caused by an incident, or set of incidents, identifiable by time and place of occurrence. Further, he must show to a reasonable degree of medical certainty that the injury contributed more than fifty percent to his need for medical treatment. "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(A)-(D).

First, Mr. Austin did not establish an incident identifiable by time and place of occurrence. He testified he felt pain in his left shoulder at the time of the right shoulder injury in 2014, but Dr. Sweo's medical records reflect that he first mentioned left shoulder pain on August 12, 2016. At that time, Mr. Austin did "indicate the injury occurred at work," but did not provide any details. Further, Dr. Sweo did not know of the June 16 record of Madison Family Practice, where the provider noted Mr. Austin's left shoulder began hurting only two weeks earlier.

Secondly, Dr. Sweo could not say the employment contributed more than fifty percent to the left shoulder condition. Dr. Sweo stated Mr. Austin's need for left shoulder treatment "was related to having to overuse" the left arm. However, when asked if that need for treatment was more likely than not related to Mr. Austin's employment, Dr. Sweo stated, "I can't really say that." Further, he said he would be "totally guessing" regarding the extent to which the employment contributed to the need for treatment. This testimony fails to establish a greater than fifty percent connection between his employment and his need for left shoulder treatment, and the Court holds he likely would not prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Austin's request for medical benefits at this time.

2. **This matter is set for a telephonic Status Hearing on Monday, June 4, 2018, at 9:30 a.m. Central Time. The parties must call toll-free at 855-543-5038 to participate in the hearing.** Failure to call in may result in a determination of the issues without a party's further participation.

**ENTERED this the 5th day of April, 2018.**

 

_____
**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

3

## APPENDIX

Exhibits:
1. Deposition of Dr. Timothy Sweo
2. Medical Records of Madison Family Practice
3. Madison Family Practice office note of June 16, 2016

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Setting Case for Show Cause Hearing
4. Request for Scheduling Hearing
5. Request for Expedited Hearing
6. Pre-Hearing Brief of Subsequent Injury Fund
7. Employer's "Plain and Concise Statement Denying Relief Sought"
8. Employer's Witness and Exhibit List
9. Subsequent Injury Fund's Witness and Exhibit List
10. Employee's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of April, 2018.

| Name | Via Email | Service sent to: |
|------|-----------|------------------|
| Jeff Boyd, Attorney for Employee | X | jboyd@borenandboyd.com |
| J. Allen Brown, Attorney for Employer | X | allen@jallenbrownpllc.com |
| Art D. Wells, Attorney for SIVRF | X | art.wells@tn.gov |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims